BENJAMIN ROBERT MATSUO, Petitioner–Appellee, v. STATE OF HAWAII, Respondent–Appellant

NO. 13488

(S.P. NO. 87–0022)

AUGUST 11, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI. J.

This is an appeal from the Findings of Fact, Conclusions of Law and Order Granting a New Trial entered in the First Circuit Court on November 14, 1988.

Following the filing of Petitioner–Appellee Benjamin Robert Matsuo's (Petitioner) Petition for Post–Conviction Relief and a hearing on the petition, the circuit court entered its order granting Petitioner a new trial. Concluding that Petitioner was prejudiced by his trial counsel's failure to call certain witnesses requested by Petitioner, the circuit court ruled that Petitioner was denied his right to effective assistance of counsel at his

previous jury trial for Attempted Escape in the Second Degree. Accordingly, the Judgment of conviction and sentence was set aside and Petitioner was granted a new trial.

Finding that the circuit court acted prematurely herein in its ineffective assistance of counsel determination, we vacate the order granting Petitioner a new trial and remand the case for a rehearing consistent with this opinion.

## I.

## FACTUAL BACKGROUND

On June 30, 1982, Petitioner, a prison inmate, was indicted in Criminal Number 57255 (Cr. No. 57255) for Attempted Escape in the Second Degree[1] for events allegedly occurring on April 5, 1982. Petitioner was represented throughout the Cr. No. 57255 proceeding by court–appointed legal counsel (trial counsel).

At trial, Petitioner testified that he had no intention of escaping from prison on the occasion in question.

Petitioner was subsequently found guilty as charged and the Judgment of conviction and sentence was entered on January 10, 1984. The record reveals that no timely notice of appeal was filed within the thirty day period following the entry of judgment in accordance with Hawaii Rules of Appellate Procedure Rule 4(b).

On June 17, 1987, Petitioner filed a Petition for Post–Conviction Relief, asserting three grounds, including the denial of his right: 1) to effective assistance of counsel; and 2) to appeal. Shortly thereafter, Petitioner was appointed legal counsel for the limited purpose of representing Petitioner at the hearing for post–conviction relief.[2]

Two hearings on the petition were subsequently held on October 16, 1987 and on November 3, 1988, respectively.

---

[1] HRS § 710–1021 (1985) provides in pertinent part (emphasis added):

**Escape in the second degree.** (1) A person commits the offense of escape in the second degree if he *intentionally* escapes from a correctional or detention facility or from custody.

[2] Obviously, Petitioner's trial counsel and Petitioner's post–conviction counsel are not the same individual.

At the October 16, 1987 hearing, Petitioner testified that trial counsel failed to file or do anything to perfect his appeal, despite Petitioner's repeated requests and trial counsel's assurances that an appeal was forthcoming. The circuit court noted that the record in Cr. No. 57255 was void as to any indication that Petitioner at any time waived his right to appeal. Hence, the circuit court: 1) ruled that Petitioner was denied his right to appeal; and accordingly 2) granted post–conviction relief to the extent that Petitioner be allowed to file a notice of appeal within thirty days from the date of the October 16, 1987 hearing.[3]

Thereafter, Petitioner filed: 1) a notice of appeal on November 16, 1987; and 2) an opening brief on February 16, 1988.[4]

On April 18, 1988, this court entered an order dismissing the appeal pursuant to *State v. Mamalias*, 69 Haw. ___, 751 P.2d 1029 (1988). We further ordered a remand of the case: 1) for vacation of the Order Granting Petition for Post–Conviction Relief; and 2) for further proceedings in connection with Petitioner's petition for post–conviction relief.

Upon remand, a second hearing was held on November 3, 1988. Petitioner was the only individual to testify at this hearing.

Petitioner testified that prior to trial, Petitioner wanted trial counsel to offer the testimony of five inmates who would have testified that the rooftop area where Petitioner was apprehended is where inmates would go at night "to get high, to get drunk, just to party away from [the] prison atmosphere." Transcript of November 3, 1988 at 6. Petitioner further testified:

> I think the jury would have believed [them] instead of just myself. I think the jury would have believed say like maybe four or five other guys.
>
> See, [trial counsel] convinced me that my testimony was sufficient to beat the case. I was leery, but, you know, I kind of wanted to believe him too, because I never like get no more time.

---

[3] A written Order Granting Petition for Post–Conviction Relief was subsequently entered on October 16, 1987.

[4] Petitioner advanced three grounds of alleged error on appeal, none of which included an ineffective assistance of counsel claim.

*Id.* at 6–7. In essence, according to Petitioner's testimony, the rooftop area is where inmates went to party and not for the purpose of attempting an escape.

Subsequently, on November 14, 1988, the circuit court entered its order granting Petitioner a new trial. Concluding that Petitioner was prejudiced by trial counsel's failure to call as witnesses any of the five inmates requested by Petitioner,[5] the circuit court ruled that Petitioner. was denied his right to effective assistance of counsel. Accordingly, the Judgment of conviction and sentence was set aside and Petitioner was granted a new trial.

This timely appeal followed.

## II.

### HRPP RULE 40 PROCEEDING

Hawaii Rules of Penal Procedure (HRPP) Rule 40 provides in pertinent part (emphasis added):

**POST–CONVICTION PROCEEDING.**

**(a) Proceedings and Grounds.**

. . . .

(3) **Inapplicability.** Said proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. *An issue is waived if the petitioner knowingly and understandingly failed to raise it* and it could have been raised before the trial, at the trial, on appeal, . . . and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. There is a rebuttable pre-

---

[5] The circuit court specifically found that: 1) "Petitioner's credibility was crucial to his defense that he did not intend to escape, that is, if the jury disbelieved him, he would be without a defense and would be convicted[;]" and 2) "[corroborative] testimony from the witnesses that Petitioner wanted to call could have materially enhanced his testimony and his defense." Record at 65.

In other words, Petitioner sought the testimony of the five inmates as circumstantial evidence to corroborate Petitioner's testimony that he did not intend to escape from prison on the occasion in question.

sumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

. . . .

### (f) Hearings.

. . . .

The petitioner shall have a full and fair hearing on his petition. *The court shall receive all evidence that is relevant and necessary to determine the petition, including* affidavits, depositions, *oral testimony*, certificate of the trial judge, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

## A.

## WAIVER

Respondent–Appellant State of Hawaii (State) initially contends that since Petitioner failed to raise the ineffective assistance of counsel claim at any time prior to the filing of his petition for post–conviction relief, Petitioner waived this issue. According to State: 1) no timely, direct appeal was taken; and furthermore 2) Petitioner's invalid appeal did not raise any ineffective assistance of counsel claim. A valid waiver thus ensued. We disagree.

In a proceeding for post–conviction relief, where there has been no realistic opportunity for a defendant to raise an ineffective assistance of counsel claim, this issue is not waived and the defendant is entitled to an opportunity to be heard on the ineffective assistance of counsel claim. *Commonwealth v. Hertzog*, 492 Pa. 632, 425 A.2d 329 (1981).

Here, since no timely, direct appeal was taken through no apparent fault on Petitioner's part,[6] and Petitioner's late appeal was essentially void and of no effect, Petitioner had no realistic opportunity to raise the

---

[6] Petitioner testified that he made repeated requests to trial counsel to file an appeal on his behalf. And despite the assurances he received from trial counsel that an appeal was forthcoming, ultimately, no timely appeal was made.

ineffective assistance of counsel claim at any time prior to the filing of his petition for post–conviction relief. Under these circumstances, we hold that Petitioner did not knowingly and understandingly fail to raise the ineffective assistance of counsel claim, and hence, Petitioner did not waive this issue in the instant proceeding for post–conviction relief.

### B.

## TRIAL COUNSEL's OPPORTUNITY TO BE HEARD

The parties dispute the circuit court's ruling that trial counsel's failure to call any of the five inmates at trial constitutes ineffective assistance of counsel. State contends that the circuit court's decision constitutes reversible error, while Petitioner counters that no reversible error occurred.

The troublesome aspect with this issue, however, is that the record is void as to the reasons for trial counsel's decision against calling any of the five inmates as witnesses at Petitioner's trial. Trial counsel did not testify at the hearing for post–conviction relief. Only Petitioner testified.

In a proceeding for post–conviction relief where a claim of ineffective assistance of counsel is alleged, "the burden is upon the [petitioner] to demonstrate actual, not speculative, prejudice." *Stough v. State*, 62 Haw. 620, 623, 618 P.2d 301, 304 (1980) (per curiam).

Here, we believe that unless trial counsel is given the opportunity to explain his reasons for not calling any of the five inmates as witnesses at Petitioner's trial, any prejudice demonstrated by Petitioner is speculative at best. Any ineffective assistance of counsel determination, in turn, is premature. Under these circumstances, therefore, we find it unfair to implement a Rule 13[7] proceeding against trial counsel without first giving him an opportunity to explain his side of the story.

Hence, we remand the case with instructions to the circuit court to call trial counsel as a witness and interrogate him accordingly, subject to cross–examination by the respective parties. *See* Hawaii Rules of

---

[7] Rules of the Supreme Court of the State of Hawaii Rule 13 is entitled: "PROCEEDINGS FOLLOWING FINAL ADJUDICATION OF INEFFECTIVE ASSISTANCE OF COUNSEL IN CRIMINAL CASES."

Evidence (HRE) Rule 614 (calling and interrogation of witnesses by the court); HRE Rule 1101 (applicability of the HRE); *cf. Cacatian v. State*, 70 Haw. 573, 772 P.2d 691 (1989) (remand in a proceeding for post–conviction relief to determine, *inter alia*, what reasons trial counsel had for not putting the petitioner on the stand at trial); *Stough v. State*, 62 Haw. 620, 618 P.2d 301 (counsel who represented the petitioner during the criminal proceeding took the stand at the subsequent proceeding for post–conviction relief and denied nearly all of the petitioner's testimony).

## III.

## CONCLUSION

Based on the foregoing reasons, we vacate the order granting Petitioner a new trial and remand the case for a rehearing consistent with this opinion. Upon remand, nothing in this opinion should be construed as an adjudication of the merits of Petitioner's ineffective assistance of counsel claim. Vacated and remanded.

*James M. Anderson*, Deputy Prosecuting Attorney, for Respondent–Appellant.

*Jonathan W. Leeds*, for Petitioner–Appellee.