93 P.3d 1181

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Wing Chiu NG, Defendant–Appellant.**

**No. 25029.**

Intermediate Court of Appeals of Hawai'i.

June 16, 2004.

Certiorari Denied July 27, 2004.

Wing C. Ng, on the briefs, pro se.

Mangmang Qiu Brown, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

LIM, J. and FOLEY, J., Concurring, with whom WATANABE, Acting C.J., joins.

Opinion of the Court by LIM, J.

Wing Chiu Ng (Ng) appeals, *pro se*, the order of the district court of the first circuit.[1] The district court's order summarily denied Ng's petition for post-conviction relief, which he brought under Hawaii Rules of Penal Procedure (HRPP) Rule 40 (2002) (the Rule 40 petition).

Because Ng previously could have raised, but knowingly, understandingly and without justification failed to raise, the issues he sought to raise in his Rule 40 petition—and thus waived them, HRPP Rule 40(a)(3), we affirm.

## I. Background.

On June 8, 1999, after a bench trial[2] in which he was represented by a deputy public defender, Ng was convicted on citations for reckless driving and failure to yield to pedestrians in a crosswalk arising out of a November 24, 1998 traffic incident. The district court fined Ng for both offenses, but stayed its sentence pending appeal. Ng gave notice of his direct appeal on December 8, 1999.

---

1. The Honorable Colette Y. Garibaldi, judge presiding.

2. The Honorable Leslie A. Hayashi presided over the bench trial proceedings, held on May 20, 1999, June 1, 1999 and June 8, 1999.

While his appeal was pending, Ng moved to remand to the district court for withdrawal and substitution of counsel. In support, the deputy public defender theretofore handling the appeal declared he had advised Ng that if Ng wanted to raise the issue of ineffective assistance of counsel on direct appeal and not defer the issue to a later HRPP Rule 40 proceeding, new counsel would have to be appointed. According to counsel, Ng elected to raise the issue on direct appeal after being advised of "the procedure involved if he wanted substitute counsel to raise the issue of ineffective assistance of counsel on appeal." Accordingly, private counsel was appointed to brief Ng's appeal.

Ng raised three points of error in his direct appeal: (1) there was insufficient evidence to support his convictions; (2) the erasure of a diagram drawn by a witness on a district court chalkboard entitled him to a new trial; and (3) the district court erred in denying his motion for reconsideration, which was also predicated upon insufficiency of the evidence. On November 8, 2001, we filed a memorandum opinion affirming the June 8, 1999 judgment. We held that there was substantial evidence to support Ng's convictions, and that the erasure of the diagram was not prejudicial to him. *State v. Ng,* 97 Hawai'i 283, 36 P.3d 827(Haw.App. 2001) (mem).

Ng, who in the interim had become a licensed attorney, then filed an appearance of counsel appointing himself "co-counsel in this case." Ng followed with an application for writ of certiorari, in which he presented the following issues: "1. Whether the trial judge was biased. 2. Whether jury trial should be required for reckless driving. 3. Whether favorable evidence was never presented due to ineffective assistance of counsel." (Format modified.)

On the issue of ineffective assistance of counsel, Ng averred he had "beseeched" his trial counsel in vain to interview "the other some ten police officers present at the scene on November 24, 1998, at least some of whom might be unwilling to lie to cover up for their perjurious and criminal colleague Miki." Honolulu Police Department officer Craig Miki (Officer Miki) wrote the citations

at issue in this case. In the same general connection, Ng reproduced a May 26, 1999 letter he had written to his trial counsel. In it, Ng proposed subpoenas for (1) some utility workers purportedly on the scene on November 24, 1998, (2) the police commission report on a complaint Ng had filed against Officer Miki and (3) Officer Miki's personnel records. On December 13, 2001, co-counsel withdrew, and Ng thereafter proceeded pro se. The supreme court denied Ng's application the same day.

The next day, we issued notice and judgment on appeal, whereupon the State moved in the district court to execute Ng's sentence. Thereupon, Ng filed his January 15, 2002 Rule 40 petition, using a preprinted form. *See* HRPP Appendix (2002), Form A, Petition for Post–Conviction Relief (Rule 40, HRPP).

Ng listed the grounds for his Rule 40 petition as follows:

Fact and law on all the grounds are in the Memorandum in Support.

A. Ground one:

　Trial judge was biased.

. . . .

B. Ground two:

　Jury trial was denied.

. . . .

C. Ground three:

　There may be other evidence to be discovered.

. . . .

D. Ground four:

　Denial of effective assistance of counsel.

The preprinted Rule 40 petition form posed the following question for the petitioner: "If any of the grounds ... were not previously presented, state **briefly** what grounds were not so presented, and give your reasons for not presenting them[.]" (Emphasis in the original; enumeration omitted.) Ng responded: "Grounds A, B, D were presented in the Application for Certiorari, which was denied without ruling on their merits."

In a separately filed memorandum in support of his Rule 40 petition, Ng contended the trial judge was biased because she "refused to see" the patent perjury in Officer

Miki's testimony, which Ng described as "internally inconsistent and very odd." Ng also maintained he was entitled to a jury trial on the reckless driving charge, not only because the offense is "constitutionally serious," but because only a jury would have detected Officer Miki's purported prevarications ("any jury would easily see through the scam"), judges being generally disingenuous in the face of police perjury. Finally, Ng appears to have conflated grounds C and D of his Rule 40 petition into a single ground of ineffective assistance of counsel.[3] On this ground, Ng again animadverted upon trial counsel's alleged refusal to interview the ten other police officers Ng asserted were at the scene of the traffic stop. And Ng again reproduced the May 26, 1999 letter he had written to trial counsel, which proposed subpoenas for the utility workers on the scene, the police commission report and Officer Miki's personnel records.

On February 4, 2002, the district court entered an order summarily denying Ng's Rule 40 petition, deeming it "patently frivolous[.]" Nothing in the record indicates the order was disseminated or brought to the attention of the parties, because thereafter in due course Ng filed an affidavit in support of his Rule 40 petition, the State filed a memorandum in opposition and Ng filed a reply. Ng attached to his affidavit the May 26, 1999 letter to trial counsel described above, as well as a May 21, 1999 letter to trial counsel, which also proposed subpoenas for the utility workers on the scene, the police commission report and Officer Miki's personnel records. In its memorandum, the State contended Ng had waived all issues raised in his Rule 40 petition, citing HRPP Rule 40(a)(3). The State also opposed the Rule 40 petition on substantive grounds.

At a hearing held on March 7, 2002, the district court[4] was informed that Ng's Rule 40 petition had already been denied by summary order. Ng urged the court to reconsider, "because evidence is important ... and the Court has not even seen the evidence." The district court responded, "Mr. Ng, the

Court is not going to overturn another judge's ruling, okay?" The district court thereupon granted the State's motion to execute Ng's sentence. On April 2, 2002, Ng filed his notice of this appeal.

## II. Discussion.

We first conclude we have jurisdiction to entertain this appeal. See *Grattafiori v. State*, 79 Hawai'i 10, 13–14, 897 P.2d 937, 940–41 (1995) (noting, in an appeal of an order denying an HRPP Rule 40 petition, that "we have permitted belated appeals ... when ... the lower court's decision was unannounced and no notice of the entry of judgment was ever provided" (citing *State v. Caraballo*, 62 Haw. 309, 315–16, 615 P.2d 91, 96 (1980))).

■ We review *de novo* the district court's denial of Ng's Rule 40 petition without a hearing, under the right/wrong standard. *Stanley v. State*, 76 Hawai'i 446, 448, 879 P.2d 551, 553 (1994); *Dan v. State*, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994). The *Stanley* court reiterated the general standard for granting a hearing on an HRPP Rule 40 petition that we announced in *State v. Allen*, 7 Haw.App. 89, 92–93, 744 P.2d 789, 792–93 (1987):

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict; however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial court record indicates that Petitioner's application for relief made such a showing of a colorable

---

**3.** In a post-petition filing, Wing Chiu Ng confirmed that the issue of "other evidence to be discovered" was "implicit in the issue 'ineffective assistance of counsel[.]' "

**4.** The Honorable Barbara P. Richardson, judge presiding.

claim as to require a hearing before the lower court.

*Stanley,* 76 Hawai'i at 449, 879 P.2d at 554 (citations and block quote format omitted). *See also Dan,* 76 Hawai'i at 427, 879 P.2d at 532 (1994).

HRPP Rule 40(f) provides in pertinent part:

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

The petitioner shall have a full and fair evidentiary hearing on the petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of any judge who presided at any hearing during the course of the proceedings which led to the judgment or custody which is the subject of the petition, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

However, HRPP Rule 40(a)(3) (2002) provided:

Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated

under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

█ Here, each ground of Ng's Rule 40 petition was .

waived [because Ng] knowingly and understandingly failed to raise it and it could have been raised before. the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and [Ng] is unable to prove the existence of extraordinary circumstances to justify [his] failure to raise the issue.

HRPP Rule 40(a)(3). *Cf. Adams v. State,* 103 Hawai'i 214, 220, 81 P.3d 394, 400 (2003) (excepting jurisdiction, an issue raised in an HRPP Rule 40 petition that "could have been raised before [defendant] entered his plea or on direct appeal of his original conviction . . . would ordinarily be considered waived under HRPP Rule 40(a)(3)").

It is beyond cavil that the first two grounds of Ng's Rule 40 petition—judicial bias and entitlement to a jury trial—"could have been raised before the trial, at the trial, [or] on appeal[.]" HRPP Rule 40(a)(3). As for Ng's remaining ground of ineffective assistance of counsel, we first acknowledge:

Where petitioner has been represented by the same counsel both at trial and on direct appeal, no waiver of the issue of trial counsel's performance occurs because no realistic opportunity existed to raise the issue on direct appeal. *Matsuo v. State,* 70 Haw. 573, 577, 778 P.2d 332, 334 (1989) (Rule 40 petitioner's claim of ineffective assistance of trial counsel was not waived where his trial counsel failed to perfect appeal); *McBride v. State,* 595 N.E.2d 260 (Ind.App.1992).

*Briones v. State,* 74 Haw. 442, 459–60, 848 P.2d 966, 975 (1993). Here, however, Ng had new counsel to represent him in his direct appeal. Indeed, the deputy public defender originally representing Ng on direct appeal

withdrew in favor of appointed private counsel precisely because Ng had initially elected to pursue the issue of ineffective assistance of counsel on direct appeal. In this appeal, Ng complains again of trial counsel's derelictions in failing to investigate the utility workers and other police officers allegedly on the scene, and in failing to obtain the police commission report. As is evident from the background discussion above, all of these issues were well known to Ng and "could have been raised[,]" at the very least, "at the trial, [or] on appeal[.]" HRPP Rule 40(a)(3).

Further, Ng "knowingly and understandingly failed to raise" the issues brought forth in his Rule 40 petition, because "[t]here is a rebuttable presumption that a failure ... to raise an issue is a knowing and understanding failure"; become conclusive in this case on account of Ng's failure below and on appeal to even allege, much less "prove the existence of extraordinary circumstances to justify [his] failure to raise the issue[s,]" HRPP Rule 40(a)(3), despite the State's invocation of the HRPP Rule 40(a)(3) waiver bar in both venues. *Cf. Stanley,* 76 Hawai'i at 451, 879 P.2d at 556:

> Appellant failed to raise the issue ... on appeal, failed to present any facts to rebut the presumption that the failure to raise that issue was made knowingly, and has failed to prove the existence of extraordinary circumstances to justify his failure to raise the issue. Therefore, assuming the issue ... was not asserted and ruled upon below, Appellant waived the issue for the purposes of an HRPP Rule 40 petition[, pursuant to HRPP Rule 40(a)(3) ].[.]

We do not agree with Ng's insistence, below and on appeal, that he previously raised his Rule 40 petition issues within the meaning of HRPP Rule 40(a)(3), by including them in an application for writ of *certiorari* from a direct appeal in which he did not raise the issues. *See* Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.1(a) ("any party may apply in writing to the supreme court for a writ of certiorari to review *[an intermediate court of appeals] opinion, dispositional order, or ruling*" (emphasis supplied)); HRAP Rule 40.1(i) (if *certiorari* is granted, "the case shall be decided *on the record and*

*the briefs previously filed* " (emphasis supplied)). Nor can Ng thereby simultaneously avoid the "previously ruled upon" alternative bar of HRPP Rule 40(a)(3) by reasoning, as he did below and does on appeal, that supreme court review is discretionary and its denial of *certiorari* is therefore a refusal to rule upon the issues raised in the application. *See* HRAP Rule 40.1(b) ("Review by the supreme court of an opinion, dispositional order, or ruling of the intermediate court of appeals is a matter within the discretion of the supreme court."). Be that as it may, the artifice is evident. Ng cannot have it both ways. Once a defendant has sailed past the port of direct appeal without raising certain issues, he cannot jerry-build a harbor for them safe from the Scylla and Charybdis of HRPP Rule 40(a)(3) by unfurling them for the first time in an application for writ of *certiorari.* On this point, we conclude that in this case, Ng did not previously raise the issues he sought to raise in his Rule 40 petition, within the meaning of HRPP Rule 40(a)(3).

We hold, in sum, that Ng waived the issues he sought to raise in his Rule 40 petition. "Rule 40 proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised ... were waived." HRPP Rule 40(a)(3). "[T]he court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner." HRPP Rule 40(f). Hence, the district court was right to dismiss Ng's Rule 40 petition without a hearing. *Stanley,* 76 Hawai'i at 448–49, 879 P.2d at 553–54; *Dan,* 76 Hawai'i at 427, 879 P.2d at 532.

### III. Conclusion.

Accordingly, the February 4, 2002 order of the district court is affirmed.

Concurring Opinion of FOLEY, J., with whom WATANABE, J. Joins.

I concur. I do not agree that Ng waived his ineffectiveness of counsel claims by not raising them "at the trial, [or] on appeal." Hawai'i Rules of Penal Procedure (HRPP) Rule 40(a)(3).

Ng's ineffectiveness of counsel claims were based on matters outside the appellate record. Ng claims his trial counsel was derelict in failing (1) to investigate the utility workers and other police officers allegedly on the scene and (2) to obtain the police commission report. These matters could not have been raised on appeal because an appellate court "cannot consider evidence outside the record." *State v. Moses,* 102 Hawai'i 449, 455, 77 P.3d 940, 946 (2003) (citing Hawai'i Revised Statutes (HRS) § 641–2 (1993)). Additionally, Ng had no "realistic opportunity" to raise his ineffectiveness of counsel claim at trial while he was represented by the counsel he claims was ineffective. *Briones v. State,* 74 Haw. 442, 459, 848 P.2d 966, 975 (1993).

The circuit court did not err in denying Ng's HRPP Rule 40 Petition without a hearing because Ng's allegations showed no colorable claim. *Stanley v. State,* 76 Hawai'i 446, 449, 879 P.2d 551, 554 (1994). As to Ng's ineffectiveness of counsel claims, Ng failed to "establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence ... [and] that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Antone,* 62 Haw. 346, 348–49, 615 P.2d 101, 104 (1980) (citations and footnote omitted).