ROYNES JOSEPH "ERIC" DURAL, II, Petitioner-Appellant
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 28533
Intermediate Court of Appeals of Hawaii.
September 15, 2008.
On the briefs:
Roynes Joseph "Eric" Dural II, Pro Se Petitioner-Appellant, Incarcerated.
Peter B. Carlisle, Prosecuting Attorney, Loren J. Thomas Stephen K. Tsushima, Deputy Prosecuting Attorneys, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
Petitioner-Appellant Roynes Dural, aka, Roynes J. Dural, aka Roynes Joseph Dural, aka Roynes Joseph Eric Dural II, aka Eric Dural (Dural) appeals from the April 24, 2007 Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner Roynes Joseph "Eric" Dural II from Custody (Order Denying Rule 40 Petition) in the Circuit Court of the First Circuit (Circuit Court).[1]

I. RELEVANT FACTS

A. Cr. No. 02-1-2791
On December 19, 2002, Dural was charged with Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (1993) and four counts of Sexual Assault in the Third Degree, in violation of HRS § 707-732(1)(b) (1993). Dural was charged with offenses involving a minor less than fourteen years old. All of the charges were alleged to have been committed between November 28, 1998 to November 27, 2000, a period when the complaining witness (CW) was 12 to 13 years old.
On April 14, 2003, Dural gave notice of his intent to rely upon an alibi defense. On June 5, 2003, Dural filed a Motion for Bill of Particulars or in the Alternative Motion to Dismiss Indictment (Motion to Dismiss). Dural requested the dates, times, and locations in which the charges allegedly occurred. On July 8, 2003, the Circuit Court denied the Motion to Dismiss.
On July 10, 2003, Dural filed a Motion for Order Allowing Introduction of HRE 412 Evidence at Trial. Dural sought to introduce evidence of CW's past sexual activity with others to prove the source of any injuries or scarring, pursuant to Hawaii Rules of Evidence (HRE) Rule 412. On July 21, 2003, the Circuit Court denied Dural's motion to introduce CW's past sexual activity because a physician's report concluded that there were no injuries.
On July 21, 2003, the State filed a motion in limine to, inter alia, exclude evidence of CW's sexual history, pursuant to HRE Rule 412. Also on July 21, 2003, the State filed another motion in limine to exclude evidence relating to allegations by CW's mother (Mother) that Dural sexually assaulted her, allegedly between December 1999 to July 2001.
At the July 25, 2003 hearing on the motions in limine, defense counsel clarified that he was requesting that Dural not be referred to as "Bull," which apparently was one of his nicknames. The colloquy indicated that Dural strongly objected to the prejudicial sexual connotations associated with being called "Bull" in the context of a sexual assault case.
On July 29, 2003, jury selection began. The Circuit Court instructed the potential jurors as follows:
Now, the parties in this case are entitled to jurors who can be fair and impartial. This means that the parties are entitled to jurors who do not have preconceived beliefs which would cause the juror to be biased in favor of one side or against the other. We're all products of our experiences, and as we grow and develop, we sometimes acquire biases and prejudices. To be a fair and impartial juror, you must be able to set any biases and prejudices aside and not be influenced by them.
After reading the indictment, the Circuit Court asked "Now, have you or has any of your relatives or close friends ever been involved in the same type of circumstances or any other offense that might affect your being fair?" One potential juror, who responded that his girlfriend had been raped, was excused. A second potential juror was excused after he stated: "My ex-wife was-my ex-wife was raped by a black man when she was 13, and I'm not really too cool about this whole thing." Other potential jurors were excused due to having experience with cases involving the same type of offense. Finally, the Circuit Court asked: "Is there anyone who has any other reason why he or she cannot be a fair and impartial juror?" The record reflects that there was no response. The Circuit Court did not question the potential jurors specifically about racial bias. Both the prosecution and defense counsel were allowed to question the potential jurors. Neither inquired specifically about racial bias.
On July 29 and 30, 2003, the Circuit Court held a hearing, pursuant to HRE Rule 104, to determine whether certain witnesses would be allowed to testify and the extent of their testimony. Dural sought to introduce evidence that Mother falsely accused Dural's ex-wife of sexually assaulting Mother's son. Dural also sought to introduce evidence that Mother had falsely accused Dural of sexually assaulting her. Dural argued that both statements should be admitted to attack Mother's credibility. In the alternative, if the accusations by Mother regarding Dural's sexual assault of her were true, Dural sought to introduce those statements as evidence of bias. Dural wanted to argue that since Dural was not charged for sexually assaulting Mother, Mother had CW make an accusation of sexual assault by Dural. The Circuit Court ruled that the statements were substantially more prejudicial than probative and would be excluded at trial.
On November 3, 2003, Dural was convicted as charged on all counts.

B. The Direct Appeal
On the direct appeal from his conviction, Dural argued that: (1) evidence of Mother's attempted suicide was improperly excluded because it showed bias against Dural; (2) evidence of prior allegations by mother that Dural had sexually assaulted her and Dural's ex-wife had sexually assaulted Mother's son were improperly excluded because the evidence showed bias against Dural and Mother's untruthfulness; and (3) there was prosecutorial misconduct.
On June 29, 2005, this court affirmed Dural's conviction in No. 26265. This court, inter alia, held that the Circuit Court did not abuse its discretion by ruling on motions in limine and prohibiting Dural from impeaching Mother's credibility with allegations by Mother that Dural raped her several times.

C. The Rule 40 Petition
On July 31, 2006, Dural filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner Roynes Joseph "Eric" Dural II from Custody (Rule 40 Petition), alleging four grounds for relief. The Rule 40 Petition alleged that Dural's conviction was illegally obtained for the following reasons:
(1) Dural's conviction was illegally obtained because the Circuit Court violated his right to confront witnesses under the Hawaii and United States Constitutions by admitting out-of-court statements of CW and Mother through third parties, including a police officer, and a prosecution expert (a doctor) rather than the out-of-court declarant;
(2) The Circuit Court violated his right to confront witnesses under the confrontation clauses of the Hawai`i and United States Constitutions by preventing him from impeaching and cross-examining key prosecution witnesses, CW and Mother, as to their bias and motive to fabricate the charges against him and testify falsely;
(3) The Circuit Court violated his right to due process and denied his right to effective assistance of counsel under the Hawai`i and United States Constitutions, by impairing trial counsel's ability to present an effective defense, including: (a) by not requiring the prosecution to narrow the two-year time frame during which Dural was accused of having one contact with CW, which made it "impossible" for Dural to present an alibi defense stemming from his deployment with the Navy for months at a time during those two years; and (b) limiting cross-examination of prosecution witnesses. With this ground, Dural stated that he has after-discovered evidence that supports his contention that he was not the person who committed this crime, including evidence that CW was "rewarded" for her testimony with new bedroom furniture and by being permitted to marry her "real lover" two weeks after Dural's conviction; and
(4) Dural was denied due process under the Hawaii and United States Constitutions because the Circuit Court did not control the injection of racial bias into this proceeding, which involved the accusation that Dural, an African-American man, committed inter-racial statutory rape against CW: (a) by allowing the prosecution to refer to him as "Bull," over defense objections; and (b) by not subjecting jurors to voir dire on racial bias.
On April 24, 2007, the Circuit Court issued the Order Denying Rule 40 Petition, without holding a hearing, on the basis that all four grounds were waived because Dural could have raised the issues on direct appeal, failed to do so, and did not show the existence of extraordinary circumstances which justified his failure to raise the issues.

II. POINTS OF ERROR RAISED ON THIS APPEAL
Dural identified the following five "points of error" on this appeal:
(1) Dural was denied his constitutional right to an effective defense. This point apparently relates to the third ground for relief stated in the Rule 40 Petition, i.e., that the Circuit Court's actions prevented his trial counsel from mounting an effective defense;
(2) Dural's right to confront witnesses was violated by: (a) admission of out-of-court statements by CW and Mother through third parties; and (b) the limiting of Dural's examination of CW and Mother for "motives to' fabricate the charges, as well as for bias, and the resulting inability to narrow the two-year period in which the offenses (encompassing a single event) allegedly occurred;"
(3) The Circuit Court erred in denying Dural an evidentiary hearing on the issue of after-discovered evidence before ruling on the Rule 40 Petition;
(4) Dural's due process rights were violated because: (a) the Circuit Court failed to voir dire potential jurors about racial bias; and (b) during Dural's trial, the prosecution used the term "Bull," which Dural now describes as racially-charged terminology; and
(5) Dural received the ineffective assistance of appellate counsel, who failed to raise points (1), (2) and (4) above, in Dural's direct appeal.

III. APPLICABLE STANDARDS AND AUTHORITIES
We review the Circuit Court's denial of Dural's Rule 40 Petition de novo under the right/wrong standard. State v. Ng, 105 Hawai`i 74, 76, 93 P.3d 1181 (App. 2004) (citations omitted). The Hawaii Supreme Court has articulated the general standard for granting a hearing on a Rule 40 Petition as follows:
As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict; however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial court record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.
Stanley v. State, 76 Hawai`i 446, 449, 879 P.2d 551, 554 (1994) (citations omitted).
HRPP Rule 40(f) (2003) provided, in pertinent part:
If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.
The petitioner shall have a full and fair evidentiary hearing on the petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of any judge who presided at any hearing during the course of the proceedings which led to the judgment or custody which is the subject of the petition, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.
However, HRPP Rule 40(a)(3)(2003) provided:
Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

IV. DISCUSSION
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dural's points of error as follows:
(1) (Denial of Effective Defense) Dural does not argue that his trial counsel was ineffective. Instead, Dural argues that the trial court's actions rendered his defense ineffective. He further argues in his Opening Brief that "Mr. Dural did raise the substance of this issue [on his direct appeal], i.e., that the trial court in effect forced trial counsel to present an ineffective defense." We agree with Dural that he raised the substance of this defense, at least in part, in his direct appeal. Thus, those issues were previously ruled on and, pursuant to HRPP Rule 40(a)(3), relief is not available on a Rule 40 petition. To the extent that he did not fully raise all possible arguments relating to this issue in his direct appeal, we conclude that the Circuit Court did not err in finding that these arguments were waived because Dural failed to identify any extraordinary circumstances that would have justified the failure to raise the issue fully. See HRPP 40(a)(3). Even if we construe Dural's argument as a contention that his trial counsel was ineffective, which argument would not be waived because Dural was represented by the Public Defender's Office (albeit different attorneys) at trial and on appeal, any error in the finding that the argument was waived[2] was harmless because the underlying claim relating to Dural's inability to effectively cross-examine witnesses was either raised and ruled on or waived.
(2) (Confrontation of Witnesses) In his direct appeal, Dural alleged that the Circuit Court erred in excluding certain evidence he sought to use to confront the prosecution's witnesses. This court previously rejected Dural's arguments and affirmed his conviction. Thus, those issues were previously ruled on and, pursuant to HRPP Rule 40(a)(3), relief is not available on a Rule 40 petition.
In this appeal, Dural also argues that CW's and Mother's out-of-court statements were erroneously admitted, thereby violating his right to confront witnesses under the United States and Hawai`i Constitutions. The Circuit Court did not err in finding that Dural could have raised, but failed to raise, these issues on direct appeal. Dural has failed to identify any extraordinary circumstances that would justify the failure to raise these specific issues on direct appeal. See HRPP Rule 40(a)(3); see also Stanley, 76 Hawai`i at 450, 879 P.2d at 555[3]
Dural claims that he was not able to present an alibi defense because the time frame of the alleged sexual assaults spanned two years and he was prevented from adequately cross-examining Mother and CW. In his Petition, Dural stated that he could show that he was elsewhere for a large period of the two years during which he allegedly committed the crimes. Dural's claim that he was prevented from establishing an alibi is without merit. An alibi is "a defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time." BLACK'S LAW DICTIONARY, 8th Ed. During trial, Dural did not present an alibi defense. Instead, Dural stated that CW was like his shadow. At trial, Dural merely claimed that he was never alone with CW, implying that he would not have had sex with CW when there were other potential witnesses nearby. However, CW testified that they had sex while other people were in the house sleeping. A claim of physical impossibility is not the same as claiming it was difficult to have sex while other people were present in the area. Dural never contended at trial that he was at another location during the two-year period when the crimes were alleged to have happened. Therefore, Dural's right to present an alibi was not violated by any failure to narrow the time frame during which the assaults occurred.
(3) (New Evidence) The after-acquired evidence identifed by Dural includes assertions that: (1) CW was "rewarded" with new bedroom furniture for her testimony in this case; and (2) CW was allowed to marry her "real lover" two weeks after Dural's conviction. The Circuit Court did not err in finding that the proferred evidence was not material to the issues and was offered solely for impeachment purposes, and thus failed to meet the standard established for a new trial based on newly discovered evidence. See State v. McNulty, 60 Haw. 259, 267-68, 588 P.2d 438, 445 (1978). Additional references to statements appearing on CW's website were raised in the first instance on appeal, and not in Dural's Rule 40 Petition, and will not be considered.
(4) (Racial Bias) The Circuit Court did not err in finding that Dural failed to present any extraordinary circumstances which justified his failure to raise the issue of racial bias in his direct appeal. This issue is deemed to have been waived.
Moreover, Dural was not charged with a crime involving race. Nor was race raised in conjunction with Dural's defense. Dural stated that his defenses included an alibi and challenges to the witnesses' motivation for reporting that Dural had sex with CW. The record lacks any indication whatsoever that racial bias was an issue in the case. Therefore, the Circuit Court was not required to specifically voir dire potential jurors about racial bias. See State v. Altergott, 57 Haw. 492, 495, 559 P.2d 728, 731 (1977); Rosales-Lopez v. United States, 451 U.S. 182 (1981).
Finally, we note that Dural's objection to the prosecution's use of the word "Bull" was not based on any racial connotation. Before and during trial, Dural did not argue that the word "Bull" had any racial meaning. Rather, as noted above, it appears Dural claimed that the word was prejudicial because it was sexual in nature. Dural's alternative argument, that Bull was a racially-charged term, was raised for the first time in the Rule 40 Petition, Dural failed, however, to give any valid reason, or present any extenuating circumstances, for failing to raise the issue earlier. Thus, the issue is waived. Indeed, Dural has failed to raise a colorable claim based on the issue of alleged racial bias.
(5) (Ineffective Assistance of Appellate Counsel) Dural failed to raise ineffective assistance of appellate counsel as a ground for relief in the Rule 40 Petition. Generally, if a party does not raise an argument at the trial level, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases. See State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) ("Our review of the record reveals that [the defendant] did not raise this argument at trial, and thus it is deemed to have been waived."); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990)("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal."). This rule seems particularly applicable in the context of an appeal from an HRPP Rule 40 petition, which seeks relief stemming from previously adjudicated matters.
Even assuming that the issue of ineffective assistance of appellate counsel is properly before this court, Dural's argument is meritless. In Briones v. State, 74 Haw. 442, 459, 848 P.2d 966, 975 (1993), the Hawai`i Supreme Court held that the standard for evaluating whether appellate counsel was ineffective is as follows:
If an appealable issue is omitted, then both the issues actually presented on appeal as well as those omitted are evaluated in light of the entire record, the status of the law and, most importantly, counsel's knowledge of both. Counsel's scope of review and knowledge of the law are assessed, in light of all the circumstances, as that information a reasonably competent, informed and diligent attorney in criminal cases in our community should possess. Counsel's informed decision as to which issues to present on appeal will not ordinarily be second-guessed. Counsel's performance need not be errorless. If, however, an appealable issue is omitted as a result of the performance of counsel whose competence fell below that required of attorneys in criminal cases then appellant's counsel is constitutionally ineffective.
74 Haw. at 466-67, 848 P.2d at 978 (footnotes omitted; emphasis in original). Counsel's failure to raise every conceivable legal theory on appeal does not render counsel's assistance to be ineffective. McNulty, 60 Haw. at 269, 588 P.2d at 446.
In this case, as Dural admits, his appellate counsel sought relief on direct appeal related to points (1) and (2) above. Counsel's failure to raise every permutation of these arguments did not appear to render legal assistance ineffective in this case. We cannot conclude, on the circumstances and record presented in this case, that appellate counsel's failure to raise racial bias as grounds for a new trial was below the standard expected of an informed and diligent criminal attorney in our community.

V. CONCULSION
For these reasons, the Order Denying Rule 40 Petition, filed on April 24, 2007, is affirmed.
NOTES
[1] The Honorable Richard W. Pollack presided in the proceeding below. The Honorable Karen Ahn presided over Dural's trial in Cr. No. 02-1-2791.
[2] In the Order Denying Rule 40 Petition, the circuit Court concluded that the issue of ineffective assistance of trial counsel was not raised in the Rule 40 Petition and that a claim of ineffective assistance of trial counsel was the only issue that could not have been raised on direct appeal as a result of Dural's representation by the Public Defender's Office at trial and on appeal.
[3] Indeed, Dural's right to confront witnesses was not violated by admitting a statement made by CW to the physician in this case because it was a statement given for purposes of medical diagnosis and therefore an exception to hearsay under HRE Rule 803(b)(3). See, e.q., State v. Sullivan, 931 P.2d 1109, 1112 (Ariz. Ct. App. 1996).