STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVE K. MOTTA, Defendant-Appellant.
No. 28256.
Intermediate Court of Appeals of Hawaii.
July 30, 2009.
On the briefs:
Joyce K. Matsumori-Hoshijo, for Defendant-Appellant.
Mary Ann J. Hollocker, Deputy Prosecuting Attorney, County of Hawai'i for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant David Kalei Motta (Motta), also known as Dave K. Motta and Dave Motta, appeals the Judgment, entered on November 2006 in the District Court of the Third Circuit (district court).[1]
Motta was convicted of Abuse of a Family or Household Member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2005) and Resisting Arrest, in violation of HRS § 710-1026 (Supp. 2008). Motta does not appeal his conviction for Resisting Arrest.
On appeal, Motta contends (1) there was insufficient evidence to convict him of Abuse of a Family or Household Member, (2) the district court plainly erred by admitting hearsay testimony in violation of his constitutional right to confront witnesses under the United States Constitution and Hawai'i Constitution, and (3) if the district court did not plainly err by admitting hearsay testimony, his trial counsel was ineffective for failing to object to hearsay testimony.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Motta's points of error as follows:
(1) Contrary to Motta's claim, there was substantial evidence to support Motta's conviction for Abuse of a Family or Household Member. Motta does not dispute that the child named In the complaint (Child) is his child. Child's mother (Mother) testified that Motta "had [Child] by [the] neck at the time" and later, that Child's neck was sore and had red marks. A blow that causes a red mark constitutes maltreatment in such a manner as to cause injury, hurt, or damage to a person's body. State v. Ornellas, 79 Hawai'i 418, 423, 903 P.2d 723, 728 (App. 1995). Motta refused to let go of Child while holding his arm around the Child's neck after being requested to do so by Lieutenant Randall Medeiros (Lt. Medeiros). Fearing a tug-of-war situation, Lt. Medeiros instructed Mother to let go, which she did. Under these circumstances, Motta acted recklessly and disregarded the risk of physical abuse by not letting go of Child, and instead continuing to pull on Child by the neck.
Although he argues on appeal that the prosecution failed to prove he possessed the requisite state of mind,[2] because, in part, he was "duty-bound" to protect Child, Motta fails to establish, by citation to the record, that he asserted a claim of defense of another at trial. Therefore, the issue is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4). Even if such a defense was made at trial, "[t]he prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996). The district court made an explicit finding that it found Mother the credible witness.
(2) Child's complaints of pain after the incident were non-testimonial hearsay statements because they were not made for the purpose of investigation or prosecution of a crime. See State v. Fields, 115 Hawai'i 503, 516, 168 P.3d 955, 968 (2007). Prior to admission of the statements, the State was required to show that Child was unavailable and that the statement bore indicia of reliability or fit within a firmly rooted hearsay exception. State v. Sua, 92 Hawai'i 61, 71, 987 P.2d 959, 969 (1999) citing State v. Ortiz, 74. Haw. 343, 361, 845 P.2d 547, 555-56 (1993)).
Motta did not object at trial to the admission of these statements. Thus, the record does not reflect whether Child was available to testify or if the foundation for a hearsay exception could have been laid. Thus, the hearsay statements could have been excluded by Motta had he objected at trial. However, this testimony was relevant to prove that Child was physically abused and as we have seen, there was other evidence presented that there were red marks on Child's neck as a result of Motta's conduct which was sufficient to prove physical abuse. Under these circumstances, we cannot say the district court plainly erred by admitting hearsay testimony by Mother when she stated that her Child complained of a sore neck and was still sore the day after the incident. State v. Fields, 120 Hawai'i 73, 93, 201 P.3d 586, 606 (App. 2005).
(3) Motta claims in the alternative that the failure to object to the hearsay testimony constituted ineffective assistance of counsel. However, defense counsel has not been given the opportunity to explain why he did not object to the hearsay testimony. We will entertain ineffective assistance of counsel claims for the first time on appeal where the "record is sufficiently developed to determine whether there has been ineffective assistance of counsel[.]" State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993), Matsuo v. State, 70 Haw. 573, 578, 778 P.2d 332, 335 (1989). Therefore, we decline to rule on Motta's ineffective assistance of counsel claim without prejudice to his raising the issue in a post-conviction proceeding, pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP).
Therefore,
IT IS HEREBY ORDERED that the Judgment, entered on November 2, 2006 in the District Court of the Third Circuit, is affirmed, without prejudice to raising the issue of ineffective assistance of trial counsel in a petition filed pursuant to HRPP Rule 40.
NOTES
[1] The Honorable Barbara T. Takase presided.
[2] In his Opening Brief, Motta concedes that the offense of Abuse of Household Member requires proof of only a reckless state of mind. State v. Eastman, 81 Hawai'i 131, 140, 913 P.2d 57, 66 (1996).