**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000573
26-FEB-2025
06:35 AM
Dkt. 83 SO**

NO. CAAP-22-0000573

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOSEPH RANDALL O'NEILL, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NOS. 3PR18100003K; 3PC94000159K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Petitioner-Appellant Joseph Randall O'Neill (**O'Neill**) appeals from the July 12, 2022 Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody and Request for Hearing [(**Fourth Rule 40 Petition**)] (**Order Denying Petition**), entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

O'Neill raises five points of error on appeal, contending that the Circuit Court abused its discretion when it denied the Fourth Rule 40 Petition without a hearing, even though O'Neill established colorable claims entitling him to a hearing

---

[1] The Honorable Robert D.S. Kim presided.

because: (1) the State of Hawaiʻi (**State**) submitted to the Hawaiʻi Paroling Authority (**HPA**), at a 2015 minimum term hearing, a Presentence Report containing statements previously deemed to be illegal and in breach of the plea agreement; (2) O'Neill's 2015 minimum term hearing attorney, Dana Ishibashi (**Ishibashi**), was ineffective because he failed to object to HPA's receipt of the Presentence Report and receipt of a letter from the victim's family without O'Neill's review, and he did not argue the appropriate criterion for a lower minimum term; (3) O'Neill's trial counsel, Dean Kauka (**Kauka**), was ineffective, O'Neill's change of plea was defective, and O'Neill was not fully advised of his rights in conjunction with the trial court proceedings; (4) the HPA issued a fifty-year minimum based solely on the "nature of the offense" without considering the mitigating factors presented by O'Neill; and (5) the attorney appointed to represent O'Neill in conjunction with the Fourth Rule 40 Petition, Michael Schlueter (**Schlueter**), was ineffective because he failed to order transcripts and records from the 2015 minimum term hearing to support the petition.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve O'Neill's points of error as follows:

(1), (2), & (4)  O'Neill's first, second, and fourth points of error are grounded in the alleged conduct of the State, his court-appointed counsel, and the HPA at his 2015 minimum term hearing. However, in the Order Denying Petition, the Circuit

2

Court made no findings of fact or conclusions of law addressing O'Neill's arguments and requests for relief relating to the 2015 minimum term hearing.[2]

Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40(f) provides, in relevant part:

> **(f) Hearings.** If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

A circuit court errs in denying a Rule 40 petition without a hearing when it fails to make the "necessary finding that the petitioner's claim was patently frivolous and without a trace of support in the record or in other evidence submitted by the petitioner." See, e.g., Cacatian v. State, 70 Haw. 402, 404, 772 P.2d 691, 692 (1989); accord Domingo v. State, 76 Hawaiʻi 237, 243, 873 P.2d 775, 781 (1994). Here, the Circuit Court made no such findings with regard to O'Neill's grounds for relief relating to his 2015 minimum term hearing when it denied the Fourth Rule 40 Petition without a hearing and erred in so doing.

Therefore, we must vacate the Order Denying Petition and remand to the Circuit Court with instructions to address O'Neill's claims relating to his 2015 minimum term hearing.

---

[2] It appears that the Circuit Court only addressed the issues raised in an amendment and supplemental memorandum in support of the Fourth Rule 40 Petition, which was filed after counsel was appointed, but the court failed to address the points raised in O'Neill's original, hand-written Fourth Rule 40 Petition.

(3)  O'Neill argues that he established a colorable claim that in the underlying criminal case, Kauka was ineffective, O'Neill was coerced into entering the plea agreement, and he was not informed of his constitutional rights when he changed his plea.

HRPP Rule 40(a)(3) provides:

> (3) Inapplicability. **Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.** Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

(Emphasis added).

In his first HRPP Rule 40 petition, O'Neill asserted as one of his grounds for relief ineffective assistance of counsel by Kauka.  The Circuit Court in the first petition concluded that O'Neill was not denied effective assistance of counsel.  In his third HRPP Rule 40 petition, O'Neill raised issues regarding his underlying criminal case, including ineffective assistance of Kauka, coercion into entering the plea agreement, and denial of O'Neill's constitutional rights.  The Circuit Court dismissed the third HRPP Rule 40 petition on the basis that the issues raised were patently frivolous and previously waived under HRPP Rule 40(g)(2).  O'Neill appealed, and we affirmed.  O'Neill v. State, No. 27188, 2006 WL 2471741, at *2 (App. 2006) (SDO).  Based on the above, the Circuit Court concluded that O'Neill's ineffective assistance of counsel claim against Kauka has been previously

raised and ruled upon, and O'Neill's invalid no contest plea claim is waived.  The Circuit Court dismissed these claims pursuant to HRPP Rule 40(g)(2).[3]

O'Neill argues that although he has filed prior HRPP Rule 40 petitions, his claims regarding his underlying criminal case are not waived because, *inter alia*, his failure to raise these issues "was due to counsel's ineffectiveness in not advising [O'Neill] of the need to raise all issues or risk them being waived."  As correctly concluded by the Circuit Court, O'Neill's contention that Kauka provided ineffective assistance of counsel was previously raised and ruled upon.  In addition, O'Neill has not asserted an ineffective assistance of counsel claim against his court-appointed attorney for his first and second petitions, in either his third petition or the present (fourth) petition.  Accordingly, this argument is waived. O'Neill has not otherwise presented any extraordinary circumstances justifying his failure to raise the invalid no contest plea issue.  See HRPP Rule 40(a)(3).

Therefore, we conclude that the Circuit Court did not err in dismissing the ineffective assistance of counsel claims concerning Kauka and the invalid no contest plea claim.

---

[3]     HRPP Rule 40(g)(2) provides:

> **(g) Disposition.**
>
> . . . .
>
> (2) Against the Petitioner.  The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived.  The court may deny a petition upon determining the allegations and arguments have no merit.

(5)   Finally, O'Neill argues that the attorney appointed to represent him with respect to the Fourth Rule 40 Petition was ineffective.

"If the issue of ineffective assistance of counsel is first raised on appeal, the appellate court may consider the merits of the appeal *de novo* if the record 'is sufficiently developed to determine whether there has been ineffective assistance of counsel[.]'"  State v. Means, 148 Hawaiʻi 212, 219, 468 P.3d 226, 233 (2020) (quoting State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993)).  HRPP Rule 40(f) provides that counsel subject to an ineffective assistance of counsel claim must be served written notice and be provided an opportunity to be heard.  When the record on appeal is unclear or void as to the basis for counsel's actions, the case should be remanded to the circuit court to give counsel the opportunity to be heard. Briones v. State, 74 Haw. 442, 463, 848 P.2d 966, 977 (1993) (citing Matsuo v. State, 70 Haw. 573, 578, 778 P.2d 332, 335 (1989)); State v. Uchima, 147 Hawaiʻi 64, 81, 464 P.3d 852, 869 (2020) ("In circumstances when the record is unclear, the court may dismiss the application so that a proceeding may be commenced in the trial court pursuant to HRPP Rule 40(f).").

Here, there is nothing in the record demonstrating whether Schlueter requested transcripts and records relating to the 2015 minimum term hearing.  O'Neill argues that Schlueter's failure to request and include this documentation potentially left the Circuit Court with insufficient information to make a well-reasoned and correct decision, and instead led to the

Circuit Court denying O'Neill's claim outright without a hearing. The record does not indicate that Schlueter was provided notice or given an opportunity to be heard. We conclude that the record on appeal is not sufficient for us to make an informed ruling on O'Neill's ineffective assistance of counsel claim.

We have already decided to vacate and remand this case with instructions to the Circuit Court to conduct an evidentiary hearing to address O'Neill's claims relating to his 2015 minimum term hearing. Thus, the issue of Schlueter's effectiveness may be moot. However, upon remand, O'Neill may seek leave to amend or supplement the Fourth HRPP Rule 40 Petition, if he deems it necessary or desirable to present this issue in conjunction with the disposition of his claims for relief arising out of the 2015 minimum term hearing.

For these reasons, the Circuit Court's July 12, 2022 Order Denying Petition is affirmed in part and vacated in part; this case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, February 26, 2025.

On the briefs:

Kai Lawrence,
for Petitioner-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge