897 P.2d 937

**Anthony N. GRATTAFIORI,**
**Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee.**

**No. 17733.**

Supreme Court of Hawai'i.

May 19, 1995.

Anthony N. Grattafiori, pro se, on the briefs, Hilo, for petitioner-appellant Anthony N. Grattafiori.

Robert K. Kekuna, Jr., Deputy Prosecuting Atty., on the briefs, Wailuku, Máui, for respondent-appellee State of Hawai'i.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

LEVINSON, Justice.

This appeal allows us to clarify the rules regarding timeliness of the filing of a notice of appeal pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40, which governs petitions for post-conviction relief.[1] The petitioner-appellant Anthony N. Grattafiori appeals from the second circuit court's order denying his second HRPP Rule 40 petition for post-conviction relief.

For the reasons set forth below, we need not reach the merits of Grattafiori's claim.[2] Instead, we dismiss the case for lack of appellate jurisdiction.

## I. *BACKGROUND*

In September 1983, Linda White and her thirteen-year-old daughter, Keri White, were found dead at the Maui Islander Apartment Complex. Grattafiori was subsequently arrested on suspicion of the double homicide and was held at the Maui Community Correctional Center pending his trial. Grattafiori had lived with the two victims from April 1983 until the time of their deaths.

Sometime during his pre-trial incarceration, Grattafiori confided in his cellmate, John Belger, that he had killed Linda White with a hammer because she was planning to leave him. Grattafiori further admitted that he had also killed Keri White, in order to prevent her from going to the police. Belger notified authorities of Grattafiori's confession.

Prior to commencement of his jury trial, Grattafiori moved to have his jailcell statements suppressed, arguing that any cellmate, named as a witness for the prosecution, who allegedly received incriminating statements from Grattafiori was a *de facto* agent of the State. Grattafiori further contended that, because Belger was an agent of the State, any statements that he made to Belger were obtained unconstitutionally, thereby rendering them inadmissible. The circuit court, finding no evidence that Belger was actually an agent of the State, denied Grattafiori's motion.

Grattafiori's jury trial spanned the period from July 28, 1986 through August 14, 1986. At trial, Belger testified as a witness for the prosecution. Grattafiori objected to Belger's testimony on the grounds described above. The court overruled the objection and permitted Belger to testify regarding the jailhouse conversation he had had with Grattafiori.[3]

---

1. Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (1994) provides in relevant part:
   **(a) Proceedings and Grounds.** The post-conviction proceeding established by this rule shall ... be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:
   (1) *From judgment.* At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:
   (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i;
   ....
   **(h) Review.** Any party may appeal to the supreme court from a judgment entered in the proceeding in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure.

2. Grattafiori argues that he is entitled to post-conviction relief because the trial court improperly admitted the testimony of his cellmate, John Belger. Grattafiori grounds his claim in the allegation that Belger was acting as an agent for the State of Hawai'i (the prosecution) at the time that Grattafiori made incriminating statements to him, thereby rendering the statements inadmissible.

3. Belger also testified that he had not worked for the Maui County Police Department (MCPD) or any law enforcement agency at any time, that no one in law enforcement had asked him to speak to Grattafiori, and that he had not been paid by or received any deals or promises from law enforcement officials for talking to Grattafiori or for testifying about their conversation. According to Belger, he disclosed what Grattafiori had

The jury eventually found Grattafiori guilty of both murders. On November 19, 1986, the court sentenced Grattafiori to two consecutive terms of life imprisonment with the possibility of parole. Grattafiori filed a timely notice of appeal. Although he raised a number of points of error on appeal, Grattafiori neither challenged the trial court's denial of his motion to suppress his jailhouse statements to Belger nor appealed the introduction of Belger's statements at trial over defense counsel's objection. On December 16, 1987, this court affirmed Grattafiori's conviction. *State v. Grattafiori*, No. 11923 (Haw. Dec. 16, 1987) (mem. op.).

On January 14, 1991, Grattafiori filed his first petition for post-conviction relief pursuant to HRPP Rule 40. In this petition, Grattafiori raised twelve grounds for relief, including the claim that his jailcell confession to Belger was inadmissible, inasmuch as Belger had been allegedly "coerced" into serving as an agent for the MCPD. On July 31, 1991, the circuit court denied the petition without a hearing. Grattafiori did not appeal the circuit court's order denying his first petition.

Later, on June 21, 1993, Grattafiori filed a second HRPP Rule 40 petition. The second petition again sought to vacate the judgments entered against him. Grattafiori asserted six grounds for relief, of which only the allegation that the circuit court improperly admitted Belger's testimony regarding Grattafiori's jailcell confession is raised as a point of error in this appeal.[4] The prosecution filed its response on August 26, 1993. On October 15, 1993, Grattafiori filed an amended HRPP Rule 40 petition. The amended second petition contained additional arguments on the merits but did not address jurisdictional matters.

On January 21, 1994, Grattafiori filed a notice of appeal in the instant matter, inaccurately stating that judgment denying the amended second HRPP Rule 40 petition had been entered on October 15, 1993. In fact, the circuit court had entered no ruling, decision, or order as of that date.

On February 14, 1994, three weeks after Grattafiori filed his notice of appeal, the circuit court issued an order denying Grattafiori's amended second HRPP Rule 40 petition without a hearing.[5] The court concluded that Grattafiori was foreclosed from twice raising the issue of the admissibility of his jailhouse confession in an HRPP Rule 40 petition, the matter having been previously raised and decided in Grattafiori's pre-trial motion to suppress and in his first HRPP Rule 40 petition. Inasmuch as Grattafiori failed to challenge the court's order denying his motion to suppress in his prior appeal and also declined to appeal the circuit court's order denying his first HRPP Rule 40 petition, the issue had been waived. The court also concluded that Grattafiori had waived all of the remaining issues raised in his second Rule 40 petition because "[e]very claim raised in this petition could have been raised in either the Petitioner's [first appeal] or in his First HRPP Rule 40 petition."

---

told him only "[b]ecause I felt what Tony did, what he told me he did was a very gross act and I felt that I should go and tell somebody if I could be of any help in it." As corroboration, Detective Barry Born then testified that Belger had entered into a plea agreement, negotiated by his attorney, on his charge of first degree burglary well in advance of his prison cell conversation with Grattafiori.

4. Although we dismiss the present appeal on jurisdictional grounds, we note that Grattafiori's point of error appears to be frivolous.

5. In its order, the court stated:

Petitioner raises six grounds in support of his second request for post-conviction relief. Petitioner is barred from post-conviction relief for these claims. HRPP Rule 40(a)(3) requires all issues to be raised before the trial, at the trial, on appeal, in a habeas corpus proceeding, in any proceeding actually conducted, or in a prior proceeding actually initiated under the rule. If the Petitioner knowingly and understandingly failed to raise the issues during one of these times, the issues are waived absent extraordinary circumstances justifying failure to raise them.

Every claim raised in this petition could have been raised in either the Petitioner's [first appeal] or in his First HRPP Rule 40 petition. The Petitioner has failed to provide any trace of evidence establishing extraordinary circumstances justifying his failure to raise the issues in previous proceedings. However, even briefly addressing the issues on the merits, the Court finds the Petitioner failed to assert any colorable claims.

## II. *THIS COURT LACKS APPELLATE JURISDICTION TO ADDRESS THE MERITS OF GRATTAFIORI'S APPEAL*

■ The prosecution argues that because Grattafiori filed his notice of appeal on January 21, 1994, three weeks before entry of the circuit court's order denying his amended second HRPP Rule 40 petition, and because he did not file a new notice of appeal subsequent to the entry of the circuit court's order, this court lacks appellate jurisdiction over the matter. We agree.

■ We note at the outset that "[t]he right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." *State v. Dannenberg,* 74 Haw. 75, 78, 837 P.2d 776, 778 (1992), *reconsideration denied,* 843 P.2d 144 (1992). Therefore, the right of appeal and, by extension, the parameters of appellate jurisdiction, are limited as provided by the legislature through statute. *In re Tax Appeal of Lower Mapunapuna Tenants Ass'n,* 73 Haw. 63, 69, 828 P.2d 263, 266 (1992). Hence, compliance with the methods and procedures prescribed by statute is obligatory. *Id.*[6]

■ As a general rule, "compliance with the requirement of the timely filing of a notice of appeal is jurisdictional," *State v. Brandimart,* 68 Haw. 495, 497, 720 P.2d 1009, 1010 (1986), and " '[w]e must dismiss an appeal on our motion if we lack jurisdiction.' " *Id.* (quoting *State v. Johnston,* 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980)). According to HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made "from a judgment entered in the proceeding" and must be taken "in accordance with Rule 4(b) of the [Hawai'i] Rules of Appellate Procedure [ (HRAP) ]."

HRAP Rule 4(b) (1985) provides in relevant part:

(b) **Appeals in criminal cases.** In a criminal case, whether the appeal is one of right or is an interlocutory appeal, the notice of appeal by a defendant shall be filed in the circuit or district court within 30 days *after the entry of the judgment or order appealed from.* A notice of appeal filed after the announcement of a decision, sentence[,] or order but before entry of the judgment or order shall be treated·as filed after such entry and on the day thereof. . . .

(emphasis added). Thus, pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order.

Grattafiori filed his notice of appeal three weeks before the circuit court entered its order denying his amended second HRPP Rule 40 petition. Nothing in the record indicates that the circuit court had entered any order (on October 15, 1993 or at any other time) prior to January 21, 1994, the date on which Grattafiori filed his notice of appeal. Similarly, the record does not reflect that the circuit court announced its decision before that date, so as to enable Grattafiori's notice of appeal from the oral decision to be treated as an appeal from the subsequently filed order. Thus, we must conclude that Grattafiori's notice of appeal, dated January 21, 1994, has no legal effect, insofar as there is no jurisdictional basis upon which to file an appeal from an order that has not yet been announced or entered. *See* HRS § 641–11 (Supp.1992); HRPP 40(h); HRAP Rule 4(b).

We have, on a number of occasions, recognized exceptions to the requirement that notices of appeal be timely filed. *See State v. Caraballo,* 62 Haw. 309, 315–316, 615 P.2d 91, 96 (1980) (summarizing prior cases that recognized such exceptions). However, we have never been asked to forgive untimely appeals filed before the *announcement* of an oral decision subsequently ripening into an appealable written order. Specifically, we have permitted belated appeals under two sets of circumstances, namely, when (1) defense

---

6. Hawai'i Revised Statutes (HRS) § 641–11 (Supp.1992) provides in relevant part:
   **[Appeals in criminal proceedings] [f]rom circuit courts.** Any party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter[ ] may appeal to the supreme court ... in the manner and within the time provided by the Hawaii [Hawai'i] Rules of Appellate Procedure. . . .

**14**

counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided. *Id.* Clearly, neither of these exceptions applies to the facts presented herein.

 We hold, therefore, that Grattafiori's January 21, 1994 notice of appeal constitutes a legal nullity because, at the time of filing, there was neither an oral decision nor a written order from which to appeal. While we treat an appeal as timely where a defendant has filed his or her notice of appeal *after* the court has announced an oral decision but before the entry of a written order or judgment, *see* HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever. After the circuit court entered its written order on February 14, 1994, denying the amended second HRPP Rule 40 petition, Grattafiori was entitled under HRAP 4(b) to thirty days within which to file a new notice of appeal. He failed to do so. Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.

### III. *CONCLUSION*

Based on the foregoing, we dismiss Grattafiori's appeal for lack of appellate jurisdiction.