LAW LIBRARY

NO. 30382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAII

2010 JUL 22 AM 8:37

FILED

JOHN P. DUNBAR, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTI-09-025858)

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant John P. Dunbar (Appellant Dunbar) has asserted from the District Court of the Second Circuit's[1] January 22, 2010 judgment against Appellant Dunbar for noncompliance with the speed limit in violation of HRS § 291C-102 (2007), because the appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Noncompliance with the speed limit in violation of HRS § 291C-102 (2007) is punishable by only a fine pursuant to HRS § 291C-161 (2007), and, thus, it constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment[.]" HRS § 291D-2 (2007). "No Traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007). Under HRS Chapter 291D, contested traffic citations are adjudicated at a hearing before a district court. An adjudication in favor of the State of Hawai'i may be followed by a trial de novo before the district court conducted "pursuant to the Hawaii rules of evidence and the rules of the district court[.]" HRS § 291D-13(a) (2007). Rule 19(d) of the Hawai'i Civil Traffic Rules (HCTR) provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HCTR Rule 19(d). Appeals from district court civil judgments are authorized by HRS § 641-1(a) (1993 & Supp. 2009) and, pursuant to

---

[1] The Honorable Simone C. Polak presided over this case in the District Court of the Second Circuit.

HRAP Rule 4(a)(1), an appellant must file a notice of appeal within thirty days after entry of the judgment.

Appellant Dunbar did not file his March 9, 2010 notice of appeal within thirty days after entry of the January 22, 2010 judgment, as HRAP Rule 4(a)(1) requires. Therefore, Appellant Dunbar's appeal is untimely. "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." <u>Grattafiori v. State</u>, 79 Hawai'i 10, 13, 897 P.2d 937, at 940 (1995) (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."). Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 22, 2010.

Presiding Judge

Associate Judge

Associate Judge