Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000759
18-JUN-2019
07:59 AM

NO. CAAP-18-0000759

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRADLEY PAI, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(Case No. 3DTC-17-02487)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record in appellate court case number CAAP-18-0000759, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Bradley Dean M. Pai (Pai), pro se, appears to be appealing from the September 18, 2018 service of the Honorable Peter Bresciani's November 22, 2017 bench warrant for the arrest of Pai district court criminal case number 3DTA-17-02487. At that time, the district court had not yet held a trial on Plaintiff-Appellee State of Hawaii's (the State) August 15, 2017 complaint against Pai for:

    (1)    operating a vehicle under the influence of an
           intoxicant in violation of HRS § 291E-61 (Supp.
           2018),

    (2)    operating a motor vehicle without a valid license
           in violation of HRS § 286-102 (2007 & Supp. 2018),
           and

    (3)    operating a motor vehicle without proof of
           liability insurance in violation of HRS § 431:10C-
           104 (2005).

The November 22, 2017 bench warrant is not an independently
appealable final order under HRS § 641-12(a), and, thus the
dismissal of this appeal is warranted.

        "The right of appeal in a criminal case is purely
statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d
259, 262 (2017) (citation and internal quotation marks omitted).
The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o
hear and determine appeals from any court or agency when appeals
are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a)
is the statute providing that "[a]ppeals upon the record shall be
allowed from all final decisions and final judgments of district
courts in all criminal matters." Consequently, "in order to
appeal a criminal matter in the district court, the appealing
party must appeal from a written judgment or order that has been
filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)."
State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003);
see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure
(HRPP). In order to perfect a defendant's right to appeal from a
district court criminal case pursuant to HRS § 641-12(a), the
district court must enter either a judgment of conviction with a
complete sentence, or an order dismissing the complaint without

prejudice, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction and sentence under HRS § 641-12); Nicol, 140 Hawaiʻi at 491, 403 P.3d at 268 (Explaining that "under the Hawaii Revised Statutes, district court defendants . . . in . . . district . . . court may appeal from an order dismissing proceedings without prejudice." (Citations omitted)). At the time when Pai filed his October 4, 2018 notice of appeal, the district court had not yet announced any final decision that would be appealable when later reduced to a written judgment or order.

Granted, six months later, on April 15, 2019, the district court entered a judgment dismissing the State's case without prejudice, which was an appealable final judgment under the holding in Nicol, and, furthermore, Rule 4(b)(4) of the Hawaiʻi Rules of Appellate Procedure (HRAP) provides that "[a] notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered." (Emphasis added). Nevertheless, at the time when Pai filed his October 4, 2018 notice of appeal from the November 22, 2017 bench warrant, the district court had not yet announced any appealable final decision in the underlying case. In order for a defendant to invoke HRAP Rule 4(b)(4) for a premature notice of appeal, at the time when the defendant files the premature notice of appeal, the trial court must have already announced a decision, sentence or order that will be appealable and final when the trial court reduces that announcement to a

written judgment or written order.

For example, in a premature appeal from an underlying proceeding for a criminal defendant's HRPP Rule 40 petition for post-conviction relief, the Supreme Court of Hawai'i held that, where a party filed his notice of appeal before the trial court's announcement of its final decision, that premature notice of appeal was a legal nullity that had no legal effect with respect to the written appealable final order that the trial court later entered. Grattafiori v. State, 79 Hawai'i 10, 13-14, 897 P.2d 937, 940-41 (1995).

In the instant case, Pai filed his October 4, 2018 notice of appeal before the district court orally announced any final decision that could be appealable. Six months later, when the district court entered an appealable final judgment, namely the April 15, 2019 judgment dismissing this case without prejudice, Pai failed to file a notice of appeal from the April 15, 2019 judgment. Therefore, we are without jurisdiction to address the merits of Pai's appeal.

IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000759 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 18, 2018.

*Lawrence M Reill*
Presiding Judge

*Daniel...*
Associate Judge

*Keith K Hiraoka*
Associate Judge

4