**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000360
23-JUN-2020
09:35 AM**

NO. CAAP-20-0000360

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWARD J. MARTIN, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR181000012(4) (CR. NO. 2PC111000645(4)))

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Petitioner-Appellant Edward J. Martin (Martin) has asserted from the December 16, 2019 order, entered by the Circuit Court of the Second Circuit, denying Martin's petition for post-conviction relief pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP) in S.P.P. No. 2PR181000012. Martin's appeal is untimely under Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP).

"[P]ursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but

before the entry of the order." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995). Although Martin has had a court-appointed attorney in the underlying proceeding in S.P.P. No. 2PR181000012,[1] Martin tendered his notice of appeal to prison officials for mailing on February 6, 2020. The Supreme Court of Hawaiʻi has held that, when a self-represented prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b) provides the controlling time period for filing a notice of appeal rather than HRAP Rule 4(a). Even if we use February 6, 2020, as the effective date of Martin's notice of appeal, Martin did not tender his February 6, 2020 notice of appeal within thirty days after entry of the December 16, 2019 order denying Martin's HRPP Rule 40 petition for post-conviction relief.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori, 79 Hawaiʻi at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that CAAP-20-0000360 is dismissed for lack of appellate jurisdiction.

---

[1]  The exception for untimely appeals due to ineffective assistance of counsel, in State v. Irvine, 88 Hawaiʻi 404, 967 P.2d 236 (1998), is inapplicable to this HRPP Rule 40 matter.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-20-0000360 are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, June 23, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge