**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000383
13-NOV-2020
09:26 AM
Dkt. 46 ODSLJ**

NO. CAAP-20-0000383

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MELEANA LIA SMITH, an individual, Plaintiff-Appellant, v.
SELENE FINANCE, LP; BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SUCCESSORS AND ASSIGNS; TAYLOR, BEAN AND WHITAKER MORTGAGE CORP.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-19-0000039)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, we lack appellate jurisdiction over Plaintiff-Appellant Meleana Lia Smith's (**Smith**) appeal from Civil No. 3CCV-19-0000039 in the Circuit Court of the Third Circuit (**circuit court**).

The May 18, 2020 notice of appeal is untimely because Smith did not file it within thirty days after entry of the March 3, 2020 Judgment, as Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) requires. Further, Smith's February 25, 2020 "Motion to Vacate Plaintiff's Motion for Summary Judgment; Motion for Reconsideration" did not extend the deadline to file the notice of appeal, under HRAP Rule 4(a)(2), because Smith sought reconsideration of rulings in a separate foreclosure action, Civ. No. 12-1-000543, not the Judgment in the case underlying this appeal. See HRAP Rule 4(a) ("If any party files a timely

motion . . . for a new trial . . . [or] to reconsider . . . <u>the</u> <u>judgment</u> . . . then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.") (Emphasis added.)   There is no indication in the record that the circuit court granted Smith an extension of time to file the notice of appeal, under HRAP Rule 4(a)(4).

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." <u>Grattafiori v. State</u>, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (citations, internal quotation marks, and brackets omitted); <u>see</u> HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, November 13, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge