**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000627
30-APR-2021
09:49 AM
Dkt. 63 OGMD**

NO. CAAP-20-0000627

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF SUSAN ALDEGUER, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 1LP151000426)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the Motion for Order Dismissing Appeal (**Motion**), filed March 10, 2021, by Petitioner-Appellee Walterbea Aldeguer (**Walterbea**), the papers in support, and the record, it appears we lack appellate jurisdiction over self-represented Petitioner-Appellant Jaynai Leinaala Aldeguar's (**Jaynai**) appeal from Probate Number 1LP151000426.

Walterbea argues the court lacks jurisdiction over the appeal because no judgment or appealable order was entered by the Circuit Court of the First Circuit (**probate court**) within thirty days of the notice of appeal, and the notice of appeal was not filed within thirty days after entry of the probate court's November 25, 2019 Judgment Pursuant to Order Granting Petition for Confirmation of Sale of Real Property (**Judgment Confirming Sale**); hence, the appeal is untimely, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) 4(a)(1).

Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . .

provided by the rules of court."  HRS § 641-1(c) (2016).  Hawaiʻi Probate Rules (**HPR**) Rule 34 provides in relevant part:

> (a) Entry of Judgment.  All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court.  Such judgments shall be final and immediately appealable as provided by statute.  <u>Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure</u>.
>
> . . . .
>
> (d) Appeals.  Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawaiʻi Rules of Appellate Procedure applicable to civil actions.

(Emphasis added.)

The commentary to HPR Rule 34 provides that "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, <u>e.g.</u>, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1."  Under <u>Jenkins</u>, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Hawaiʻi Rules of Civil Procedure] [Rule] 58[.]"  76 Hawaiʻi at 119, 869 P.2d at 1338.

Here, the notice of appeal states Jaynai is appealing from a "final order to sale [Property]," filed on "December 17, 2015," but Jaynai did not attach a copy of the order, as required by HRAP Rule 3(c)(2).  The only December 17, 2015 ruling by the probate court in the record is an oral order granting in part and denying in part a petition, which is unidentified in the minutes but appears to be Jaynai's July 1, 2015 Petition for Probate of Will and Appointment of Personal Representative (**Probate Petition**).  An oral ruling is not appealable, under <u>Jenkins</u>.

The probate court appears to have reduced its December 17, 2015 oral ruling to writing in its January 2, 2018 Order Granting in Part and Denying in Part [Probate Petition].

2

Jaynai failed to file the notice of appeal within thirty days after the order's issuance, as required by HRAP Rule 4(a)(1), and it does not appear she obtained an extension of time. Thus, any appeal from the order is untimely. "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (cleaned up); see HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

Further, Jaynai did not file the notice of appeal within thirty days after entry of the probate court's November 25, 2019 Order Granting Petition for Confirmation of Sale of Real Property,[1] as required by HRAP Rule 4(a)(1), and it does not appear that she obtained an extension of time. Therefore, we lack jurisdiction over any appeal as to the order, which is untimely. See Grattafiori, 79 Hawaiʻi at 13, 897 P.2d at 940; HRAP Rule 26(b).

It does not appear that any other order or judgment by the probate court could be the subject of the appeal.

Accordingly, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, April 30, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[1] The Judgment Confirming Sale is superfluous.