NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000549
20-MAY-2021
08:20 AM
Dkt. 63 SO**

NO. CAAP-19-0000549

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTOPHER ADAM PHANPRADITH, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR171000014)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Self-represented Petitioner-Appellant Christopher Adam **Phanpradith** appeals from the "Order Denying Petitioner Christopher A. Phanpradith's Petition for Post-conviction Relief Without a Hearing," entered by the Circuit Court of the First Circuit[1] on May 17, 2018 (**Order Denying Rule 40 Petition**). For the reasons explained below, we affirm.

On January 20, 2009, after a jury trial, Phanpradith was convicted of sexual assault in the first degree (Count 1) and sexual assault in the third degree (Counts 2 and 3). He was sentenced to 20 years on Count 1 and five years on each of Counts 2 and 3, to be served consecutively, for a total of 30 years.[2] Phanpradith appealed. We affirmed. State v. Phanpradith, No. 29625, 2010 WL 1027798 (Haw. App. Mar. 19, 2010) (SDO).

---

[1] The Honorable Edward H. Kubo, Jr. presided.

[2] The Honorable Steven S. Alm presided over the trial and sentencing.

On July 27, 2017, Phanpradith filed a Hawaiʻi Rules of Penal Procedure (**HRPP**) **Rule 40 Petition** for post-conviction relief.  The circuit court entered the Order Denying Rule 40 Petition on May 17, 2018.

On June 14, 2019, Phanpradith filed a "Motion to Amend Petition for Post Conviction Relief."  The circuit court entered the **"Order Denying Motion to Amend** Petition for Post Conviction Relief" on July 9, 2019.  Phanpradith filed his notice of appeal on July 24, 2019.[3]

## Appellate Jurisdiction

Phanpradith contends the circuit court erred by denying his Rule 40 Petition.  The Order Denying Rule 40 Petition was entered on May 17, 2018.  A notice of appeal from that order was due within 30 days from entry of the order.  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(1).  The 30th day from May 17, 2018, was Saturday, June 16, 2018.  Because the deadline fell on a Saturday, the deadline was extended to Monday, June 18, 2018.  HRAP Rule 26(a).  Phanpradith did not file his notice of appeal until July 24, 2019, more than one year later.  Compliance with the requirement of the timely filing of a notice of appeal is jurisdictional.  Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995).  "[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4[.]"  HRAP Rule 26(b).

In this case, Phanpradith claims to have never received the Order Denying Rule 40 Petition.  The record on appeal contains no notice of entry or other indication that the order was served on Phanpradith, or on the State.  The State's answering brief candidly states, "It appears the State may not have received timely service of the order [denying the Rule 40 petition] from the court."

---

[3]    Phanpradith's notice of appeal was filed by the appellate clerk on July 31, 2019, but the record indicates that Phanpradith tendered the notice of appeal to prison officials on July 24, 2019.  Setala v. J.C. Penney Co., 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (holding that self-represented prisoner's notice of appeal is deemed filed on day it is tendered to prison officials).

The Hawaiʻi Supreme Court has held that a belated notice of appeal is permitted when "the lower court's decision was unannounced and no notice of the entry of judgment was ever provided" to the appellant. Grattafiori, 79 Hawaii at 13-14, 897 P.2d at 940-41 (citing State v. Caraballo, 62 Haw. 309, 315-316, 615 P.2d 91, 96 (1980)). Phanpradith contends he first learned that his Rule 40 Petition had been denied when he received the Order Denying Motion to Amend, which states the Order Denying Rule 40 Petition was entered on May 17, 2018.

Phanpradith's notice of appeal was filed within 30 days after entry of the Order Denying Motion to Amend. To promote access to justice the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we construe Phanpradith's notice of appeal to also include a request for relief under HRPP Rule 49(d).[4] Because Phanpradith's notice of appeal was filed within 30 days after he claims to have first received notice that his Rule 40 Petition was denied, we hold that we have jurisdiction over Phanpradith's appeal from the Order Denying Rule 40 Petition.

**Discussion**

Phanpradith contends that the circuit court erred by denying his Rule 40 Petition without a hearing under HRPP Rule 40(g)(2). HRPP Rule 40 provides:

> **(g) Disposition.**
>
> . . . .
>
> (2) AGAINST THE PETITIONER. The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived. The court may deny a petition upon determining the allegations and arguments have no merit.

---

[4] HRPP Rule 49 provides, in relevant part:

> **(d) Relief upon failure to receive due notice.** A party who has failed to receive due notice or to be served . . . may apply to the court for appropriate relief.

On appeal from the denial of an HRPP Rule 40 petition without a hearing, we conduct a de novo review of the record before the circuit court; thus, the right/wrong standard of review applies. Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

On appeal Phanpradith argues that his 30-year consecutive sentence was illegal because the sentencing court failed to explain its reasons for imposing consecutive sentences on the record, as required by State v. Hussein, 122 Hawaiʻi 495, 509, 229 P.3d 313, 327 (2010) (holding that "a court must state its reasons as to why a consecutive sentence rather than a concurrent one was required"); see State v. Kong, 131 Hawaiʻi 94, 102, 315 P.3d 720, 728 (2013) (citing Hussein); State v. Barrios, 139 Hawaiʻi 321, 335, 389 P.3d 916, 930 (2016) (same).

The requirement articulated in Hussein did not take effect until April 21, 2010. Hussein, 122 Hawaiʻi at 510, 229 P.3d at 328. Phanpradith was sentenced on January 20, 2009, more than a year before the Hussein requirement took effect. The Hussein requirement did not apply when the circuit court sentenced Phanpradith. Phanpradith's consecutive sentence was not illegal. The circuit court was not wrong to deny the Rule 40 Petition without a hearing.

For the foregoing reasons, the circuit court's May 17, 2018 Order Denying Rule 40 Petition is affirmed.

DATED: Honolulu, Hawaiʻi, May 20, 2021.

On the briefs:

Christopher Adam Phanpradith,
Self-represented
Petitioner-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge