NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000020
04-JUN-2021
08:56 AM
Dkt. 24 ODSLJ

NO. CAAP-21-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CITIBANK, NA AS TRUSTEE FOR WAMU SERIES 2007-HE2 TRUST,
Plaintiff-Appellee, v. WILLIAM GASPAR; JOYAL GASPAR,
Defendants-Appellants, and HAWAIIAN OCEAN VIEW ESTATES
ROAD MAINTENANCE CORPORATION, Defendant-Appellee,
and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC171000137)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears we lack appellate jurisdiction over self-represented Defendants-Appellants William Gaspar and Joyal Gaspar's (collectively, **the Gaspars**) appeal from the Circuit Court of the Third Circuit's (**circuit court**) December 16, 2020 "Order Denying [the Gaspars'] Motion to Dismiss [Plaintiff-Appellee Citibank, NA]'s Motion for Summary Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure, Filed December 15, 2017; and Motion to Dismiss Complaint filed April 21, 2017, Filed July 17, 2020" (**Order Denying Motion to Dismiss**), and December 28, 2020 minute order, issued in Civil No. 3CC171000137, because the circuit court has not entered an appealable, final judgment or order.

Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . .

courts[.]"  Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court."  HRS § 641-1(c) (2016).  Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58 requires that "[e]very judgment shall be set forth on a separate document."

An aggrieved party typically cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under HRS § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under HRCP Rule 58 or Rule 54(b).  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  Here, the circuit court has not yet entered an appealable, final judgment.

Further, the Order Denying Motion to Dismiss does not qualify for an exception to the final-judgment requirement under the collateral-order doctrine, the Forgay doctrine, or HRS § 641-1(b) (2016).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth requirements for appealability under the Forgay doctrine and collateral-order doctrine); HRS § 641-1 (requirements for leave to file an interlocutory appeal).

In addition, the circuit court's minute order is not appealable.  See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) ("[A] minute order is not an appealable order.").

The court "must dismiss an appeal on our motion if we lack jurisdiction."  Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and citation omitted).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 4, 2021.

/s/ Alexa D.M. Fujise
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge