**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000370
31-MAY-2022
08:01 AM
Dkt. 121 ODSLJ**

NO. CAAP-20-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BRYAN SUITT, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR161000011)

ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Petitioner-Appellant Bryan Suitt's (**Suitt**) appeal from the Circuit Court of the First Circuit's (**circuit court**) April 13, 2020 "Amended Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (**Amended Order**) because the Amended Order was not a final appealable order and Suitt did not timely appeal from a final appealable order.

The Amended Order is not final and appealable because it does not resolve all of the issues Suitt raised in his May 25, 2016 "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody," under Rule 40 of the Hawaiʻi Rules of Penal Procedure (**HRPP**), and amendments thereto (collectively, **Amended Petition**). The Amended Order denies

Grounds 1, 10-23, 27-30, 32-38, 40-42, and 44-53, but grants a hearing on Grounds 2-9, 24-26, 31, 39, and 43, relating to a determination by the Hawaiʻi Paroling Authority made at Suitt's minimum-term hearing and ineffective assistance of counsel at the minimum-term hearing.  See Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) ("pursuant to [Hawaiʻi Rules of Appellate Procedure (**HRAP)**] Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order"); Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986).  See also Frank v. State, No. CAAP-11-0001087, 2012 WL 5990296, at *1 (Nov. 20, 2012) (order dismissing appeal for lack of appellate jurisdiction because the appeal was from an interlocutory order that resolved some, but not all, of the issues raised in an HRPP Rule 40 petition).

Because the notice of appeal is defective as to the Amended Order, the circuit court retained jurisdiction to issue its May 20, 2020 "Order Dismissing Remaining Grounds of [Amended Petition] and Vacating Hearing Set for 5/26/20" (**Order Dismissing Remaining Grounds**).  See State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996).  The Order Dismissing Remaining Grounds finally resolved all grounds in the Amended Petition because it dismissed the remaining Grounds 2-9, 24-26, 31, 39, and 43. However, Suitt filed the notice of appeal before the circuit court issued the Order Dismissing Remaining Grounds, and the court may not deem the premature notice of appeal as having been filed immediately after issuance of the Order Dismissing Remaining Grounds, under HRAP Rule 4(b)(4), because there is no indication in the record that the circuit court announced its decision to dismiss the remaining claims in the Amended Petition before Suitt filed the notice of appeal.  See Grattafiori, 79 Hawaiʻi at 13, 897 P.2d at 940.

In an appeal from a circuit-court proceeding involving an HRPP Rule 40 petition for post-conviction relief,

> we have permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori, 79 Hawaiʻi at 13-14, 897 P.2d at 940-41 (citation omitted).  However, neither exception applies to the instant case.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." Id. at 13, 897 P.2d at 940 (citations, internal quotation marks and brackets omitted).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, May 31, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge