**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000755
22-JUN-2026
09:28 AM
Dkt. 44 SO**

NO. CAAP-24-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CREDIT CORP SOLUTIONS INC., Plaintiff-Appellee,
v.
RUTH MAIWELA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KO'OLAUPOKO DIVISION
(CASE NO. 1DRC-21-0007452)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Self-represented Defendant-Appellant Ruth Maiwela

(**Maiwela**) appeals from the May 6, 2022 "Judgment" entered by the

District Court of the First Circuit, Ko'olaupoko Division

(**district court**).[1]  Maiwela filed her notice of appeal on

November 6, 2024.[2]

---

[1]     The Honorable Karin Holma presided.

[2]     This appeal was stayed pursuant to Maiwela's filing of her
"Voluntary Petition for Individuals Filing for Bankruptcy," filed August 8,
2025, in the United States Bankruptcy Court for the District of Hawai'i
(continued . . .)

As a threshold matter, we must consider the jurisdictional question of whether Maiwela's appeal was timely filed.  See Whittaker v. Fransen, Nos. CAAP-16-0000520 & CAAP-16-0000335, 2018 WL 4604222, at *1 (Haw. App. Sep. 25, 2018) (SDO) (citing Hous. Fin. & Dev. Corp. v. Castle, 79 Hawaiʻi 64, 76, 898 P.2d 576, 588 (1995)).  "If we conclude that we do not have appellate jurisdiction, we must dismiss the appeal."  Id. (citation omitted).

A notice of appeal must be filed within 30 days after entry of a judgment or appealable order.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."); Hawaii Revised Statutes (**HRS**) § 641-1(a), (c) (2016) ("Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of . . . district courts . . . to the intermediate appellate court, subject to chapter 602," and "[a]n appeal shall be taken in the manner and within the time provided by the rules of court.").  The record reflects that Maiwela filed her notice of appeal over two years after the district court entered the Judgment from which she is appealing.

---

[2](. . . continued)
(**Bankruptcy Court**) in case no. 25-00696.  On June 22, 2026, this court filed its Order taking judicial notice of the Bankruptcy Court's "Order Dismissing Case for Unreasonable Delay," filed in case no. 25-000696, which terminated the bankruptcy stay.

Maiwela appears to contend that she was not given notice that the Judgment was filed, and the district court's "entering the judgment without notice does not start the clock for appeal deadlines."  District Court Rules of Civil Procedure Rule 77(d) provides, in pertinent part, that,

> Lack of notice of the entry by the clerk, or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by [HRAP] Rule 4(a).

See also Whittaker, 2018 WL 4604222, at *2 (collecting cases which hold that "[a] party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time" and that "failure to know when a final judgment was entered does not meet standard of 'excusable neglect'" (citations omitted)). Maiwela does not demonstrate that the 30-day appeal deadline was tolled pursuant to HRAP Rule 4(a)(3) or that she requested an extension pursuant to HRAP Rule 4(a)(4).

Maiwela's notice of appeal was untimely filed. Because the timely filing of a notice of appeal is a jurisdictional requirement, we dismiss this appeal for lack of jurisdiction.[3]  See Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d

---

[3]  This Summary Disposition Order is a dismissal order.  No subsequent judgment will be entered.  See HRAP Rule 40.1(a)(1).

3

1127, 1129 (1986); <u>Grattafiori v. State</u>, 79 Hawai‘i 10, 13, 897 P.2d 937, 940 (1995).  In light of our dismissal of this appeal, the pending motions on appeal are moot.

DATED: Honolulu, Hawai‘i, June 22, 2026.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Ruth Maiwela,
Self-represented                        /s/ Clyde J. Wadsworth
Defendant-Appellant.                    Associate Judge

Jon Bonnesen,                           /s/ Kimberly T. Guidry
for Plaintiff-Appellee.                 Associate Judge